1

2

3

4

5
**IN THE UNITED STATES DISTRICT COURT**

6
**FOR THE DISTRICT OF ARIZONA**

7

8
Kevin Richard Hevel,                                    No. CV-19-04866-PHX-JJT (MHB)

9
            Petitioner,                              **ORDER**

10
v.

11
Charles L. Ryan, *et al.*,

12
            Respondents.

13
    Kevin Richard Hevel ("Petitioner") filed a Petition for Writ of Habeas Corpus

14
pursuant to 28 U.S.C. § 2254 (Doc. 1). Now at issue is the Report and Recommendation

15
(Doc. 25, "R&R") submitted in this matter by United States Magistrate Judge Michelle

16
Burns and recommending the Court deny and dismiss the Petition with prejudice. Petitioner

17
timely filed Objections to the R&R (Doc. 26), and Respondents filed a Reply thereto

18
(Doc. 27). The Court will adopt the R&R in whole, including its reasoning, overrule the

19
Objections, and dismiss the Petition.

20
    Judge Burns exhaustively and correctly analyzed the two sub-parts[1] of the

21
ineffective assistance of counsel (IAC) claim Petitioner raised in his Petition. As to subpart

22
one, wherein Petitioner urges that trial counsel provided IAC through his alleged failure to

23
attend a mitigation hearing on July 11, 2018, two days before his sentencing hearing, Judge

24
Burns found first, as a procedural matter, that the state court denied this claim "by invoking

25
an adequate and independent state rule," and thus sub-part one was procedurally defaulted.[2]

26
[1] In his Petition, Petitioner raised a third sub-part of his ineffective assistance claim, arguing
it was a cause of his potentially untimely filing of the Petition. Respondent's

27
acknowledgement that the Petition was timely (Doc. 22) moots that sub-issue, as Judge
Burns recommends.

28
[2] To the extent Petitioner raises counsel's failure as excuse for procedural default of this
sub-part of his IAC claim pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), Judge Burns

1    (R&R at 11.) With regard to Petitioner's substantive complaint in sub-part one, Judge

2    Burns noted, as did the state court, that the docket confirms there was no mitigation hearing

3    on July 11, 2018, (Doc. 22 Exh. N), and Petitioner was represented at his sentencing

4    hearing on July 13, wherein the sentencing court did consider mitigation information as

5    reflected in the pre-sentence report. And the Court agrees with Judge Burns that even if

6    trial counsel failed to present 26 character letters from friends and family at sentencing or

7    before, such a bare assertion does not establish prejudice. The Court finds no reasonable

8    probability that the sentence would have been different but for the alleged omission of the

9    letters, as would be necessary for Petitioner to show prejudice under *Strickland v.*

10   *Washington*, 466 U.S. 668, 686-87 (1984).

11         As to sub-part two of Ground One, again Judge Burns correctly concluded that

12   Petitioner's claim failed on the merits. Petitioner argued that he received IAC when counsel

13   failed to advise him of his appeal rights and falsely informed him that by signing the plea

14   agreement he waived his right to appeal though he still had a right to file a petition for state

15   post-conviction relief (PCR). The record before the Court shows conclusively that

16   Petitioner was advised at his sentencing that while he had waived his right to appeal by

17   pleading guilty to a noncapital offense, he had a right to a petition for post-conviction relief,

18   and if he wished to exercise that right he had to file a Notice of PCR within 90 days of

19   entry of judgment and sentence. (Doc. 22 Exh. F.) Petitioner signed the receipt of that

20   notice at his sentencing. (Id.) He thus was "unambiguously notified of the time limit to

21   seek post-conviction relief and does not assert that counsel promised to file a notice on his

22   behalf or that he was otherwise prevented from timely seeking post-conviction relief," as

23   the state appellate court found on PCR review. (Doc. 22 Exh. P.) In light of this

24   unambiguous notice which Petitioner acknowledged in writing upon receipt, Petitioner

25   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

26   correctly rejected that argument. (R&R at 15-16.) Petitioner disagrees with that conclusion
     in his Objections but fails to state why Judge Burns's analysis under *Martinez* was wrong—
27   he simply, and conclusorily, repeats that his IAC claims "are substantial pursuant to
     *Dietrich*." (Doc. 26 at 8-9.) That is not sufficient. *See, e.g., Sosnowics v. Shinn*, CV-20-
28   00040-DGC, 2021 WL 2685652 at *3 (D. Ariz. June 30, 2021) ("merely reasserting the
     grounds of the petition as an objection provides this Court with no guidance as to what
     portions of the R&R Petitioner considers to be incorrect.")

must show prejudice under *Strickland* for any failure by his counsel to tell him he had a right to file for PCR review. This he fails to do, for all the reason Judge Burns discusses in the R&R, and particularly on pages 11-13. In his Petition, Petitioner attempts to overcome this barrier by listing a number of actions he attributed to trial counsel beyond failure to advise him of his PCR review right; he repeats these assertions in his Objections. But Judge Burns correctly observed that Petitioner's "unsupported and conclusory statements" regarding appeal advice and other alleged errors are insufficient to establish the occurrence of such an incident and to overcome *Strickland*'s highly deferential standard for scrutiny of counsel's performance. (R&R at 13, citing *Greenway v. Schriro*, 653 F.3d 199, 204 (9th Cir. 2011)). This is especially so when such clear proof exists that Petitioner had notice of his PCR rights and the time requirements to exercise them. In sum, Petitioner can show neither deficient performance by counsel nor prejudice arising from it.

**IT IS ORDERED** overruling Petitioner's Objections (Doc. 26) and adopting the R&R (Doc. 25) in whole.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER** ordered denying a certificate of appealability and motion for leave to proceed *in forma pauperis*. Dismissal of part of the Petition is justified by a plain procedural bar upon which jurists of reason would not find the Court's ruling debatable. Dismissal of the remainder of the Petition is based on a finding that Petitioner has not made a substantial showing of the denial of a constitutional right, and Petitioner has not demonstrated that jurists of reason could disagree with the resolution of his constitutional claims or that they could conclude those issues are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2007).

Dated this 15th day of November, 2021.

Honorable John J. Tuchi
United States District Judge

- 3 -